1 | Muriel B. Kaplan, Esq. (SBN 124607)
2 | Shaamini A. Babu, Esq. (SBN 230704)
  | SALTZMAN & JOHNSON LAW CORPORATION
3 | 44 Montgomery Street, Suite 2110
  | San Francisco, CA 94104
4 | (415) 882-7900
  | (415) 882-9287 – Facsimile
5 | mkaplan@sjlawcorp.com
  | sbabu@sjlawcorp.com
6 | Attorneys for Plaintiff
7 | NORTHERN CALIFORNIA GLAZIERS, et al.

FILED
AUG 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND; GLAZIERS INDIVIDUAL ACCOUNT RETIREMENT PLAN; DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; THEIR JOINT BOARDS OF TRUSTEES; and DOUGLAS CHRISTOPHER and ALFRED SKIP WELTZ as Trustees;

I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND; ITS JOINT BOARD OF TRUSTEES; and JAMES WILLIAMS as Trustee;

DISTRICT COUNCIL NO. 16, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION 1621,

Plaintiffs,

v.

ADOLPH'S GLASS COMPANY, INC., a California Corporation,

Defendant.

Case No.: CV 08 3738 CW

COMPLAINT

-1-
COMPLAINT
Case No.

Parties

1. The Northern California Glaziers, Architectural Metal and Glass Workers Pension Plan ("Pension Fund"); District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Glaziers Individual Account Retirement Plan ("IARP"); and District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") §3(3), 29 U.S.C. §1002(3). The Joint Board of Trustees ("Trustees") of said funds are the named fiduciaries of the respective funds under ERISA §402(a), 29 U.S.C. §1002(a). Douglas Christopher and Alfred Skip Wells trustees and are fiduciaries of said funds.

2. The Health Fund was formerly Northern California Glaziers Health and Welfare Trust Fund prior to its merger with other health and welfare trust funds effective January 1, 2008.

3. The IUPAT Union and Industry National Pension Fund ("National Fund") is an employee benefit plan as defined in ERISA §3(3). James Williams is the President and a fiduciary of the National Fund.

4. District Council No. 16, International Union of Painters and Allied Trades, Glaziers, Architectural Metal and Glass Workers Local Union 169 ("Union") is a labor organization as defined in §2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5).

5. Adolph's Glass Company, Inc., a California corporation ("Defendant"), is an employer by virtue of ERISA §3(5), 29 U.S.C. §1002(5), and NLRA §2(2), 29 U.S.C. §152(2).

6. The Pension Fund, Welfare Fund, IARP, Apprentice Fund, National Plan and their respective fiduciaries are referred to herein as the "ERISA Plaintiffs."

Jurisdiction

7. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA §502, 29 U.S.C. §1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief

1  under ERISA.

2  8. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") §301, 29 U.S.C. §185, in that the Plaintiffs seek to enforce the terms and conditions of the Northern California Glaziers Master Agreement between District Council No. 16 and Northern California Glass Management – An FCA Affiliate to which Defendant became a signatory ("Bargaining Agreement").

9. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

10. Venue is conferred upon this Court by ERISA §502, 29 U.S.C. §1132. Where an action is brought under ERISA §502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. The plans of the ERISA Plaintiffs are administered in this district at its principal place of business in San Francisco, California. Thus, jurisdiction and venue are properly grounded with this Court.

11. Venue exists in this Court with respect to the claims under LMRA §301(a), 29 U.S.C. §185, because the claims arise in this district, and the Defendant is doing business in this district.

## Intradistrict Assignment

12. The basis for assignment of this action to this court's San Francisco Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of San Francisco, where the ERISA Plaintiffs funds and the Bargained Plans, defined below, are administered, and where Defendant failed to fulfill its statutory and contractual obligations to the Plaintiffs.

Bargaining Agreement

13. On behalf of the Plaintiffs, the Trustees are authorized to collect from Defendant monies due under the Bargaining Agreement for the Work Preservation Fund, Inc., a California non-profit corporation, the Northern California Glaziers Contractors Administrative Fund, IUPAT Joint Apprenticeship & Training Fund, and the Painters and Allied Trades Labor-Management Cooperation Fund (collectively referred to herein as the "Bargained Plans.") The ERISA Plaintiffs and Bargained Plans are third-party beneficiaries of the Bargaining Agreement.

14. Under the Bargaining Agreement and the governing documents of the ERISA Plaintiffs which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to the ERISA Plaintiffs, Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by the employees of Defendant. Defendant further agreed to pay liquidated damages in the amount of seven percent (7%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. In accordance with the Bargaining Agreement and the governing documents of the ERISA Plaintiffs, interest accrues on the delinquent contributions at the rates reasonably set by the Trustees from the 16th of each month in which payments become delinquent.

15. Defendant has a contractual duty to timely pay the required contributions to the Plaintiffs and dues to the Union pursuant to the Bargaining Agreement and the governing documents of the ERISA Plaintiffs incorporated therein.

16. Defendant has a statutory duty to timely make the required payments to the Plaintiffs under ERISA §515, 29 U.S.C. §1145, and LMRA §301(a).

17. By failing to make the required payments to the Plaintiffs, Defendant breached the Bargaining Agreement and is in violation of ERISA §515, 29 U.S.C. §1145, and LMRA §301(a).

Facts

18. Defendant failed to report or pay contributions due for work performed by its employees during the months of April 2008 through June 2008. Liquidated damages and interest

on each delinquent contribution has accrued and are owed for these time periods. Additionally, liquidated damages and interest are owed for late-paid contributions due for work performed by employees of Defendant from December 2007 through March 2008.

19. Demand was made on Defendant on behalf of the Plaintiffs, for payment of all delinquent contributions, liquidated damages and interest due to the Plaintiffs. Defendant has failed and refused to make payment of any amounts due as required by the Bargaining Agreement and the governing documents of the ERISA Plaintiffs incorporated therein.

20. Defendant's failure and refusal to timely submit the aforesaid reports and payments in compliance with the Bargaining Agreement was at all times, and still is, willful. Said refusal is unjustified and done with malicious intent and has reduced the corpus of the ERISA Plaintiffs funds and Bargained Plans, and the operating ability of the Union. Thus, Defendant has impaired Plaintiffs' ability to pay or provide benefits to members and beneficiaries thereby causing harm to all the ERISA Plaintiffs funds, Bargained Plans and Union. Defendant's obligations pursuant to the Bargaining Agreement are continuing obligations. Defendant continues to breach said Bargaining Agreement by failing and refusing to timely report and pay monies due thereunder to the Plaintiffs. Plaintiffs are informed and believe, and therefore allege, that Defendant will continue to willfully refuse to report and make said payments unless ordered by this Court to comply.

21. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA §§401-4201, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Defendant in favor of the ERISA Plaintiffs, Bargained Plans,

P:\CLIENTS\GLACL\Adolph's Glass\Pleadings\Complaint\Complaint 080408.doc

and the Union, in an amount equal to:

    (a) All unpaid contributions due for hours worked as specified above and thereafter through the time of judgment pursuant to ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A):

        (i) To the ERISA Plaintiffs, in accordance with ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) and the Bargaining Agreement;

        (ii) To the Bargained Plans, in accordance with the Bargaining Agreement; and

        (iii) To the Union for dues, in accordance with the Bargaining Agreement.

    (b) Liquidated damages in an amount equal to the greater of:

        (i) Interest on the unpaid contributions, or

        (ii) Liquidated damages on the aforementioned unpaid contributions, in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the ERISA Plaintiffs.

    (c) Interest on the aforementioned unpaid contributions at rates and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B) with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues, and where otherwise appropriate.

    (d) Any additional contributions payable to Plaintiffs and the Bargained Plans as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and liquidated damages in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the ERISA Plaintiffs.

    (e) Reasonable attorneys' fees and costs of this action in accordance with ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D) for the ERISA Plaintiffs; in accordance with the

collective bargaining agreement for all Bargained Plans; and in accordance with LMRA §301, 29 U.S.C. §185 for all Plaintiffs.

2. For an order enjoining Defendant from violating the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs incorporated therein, and enjoining Defendant from disposing of any assets and continuing operations of its business until it complies with said terms.

3. That the Court retain jurisdiction of this case pending compliance with its orders.

4. For such other and further relief as the Court may deem just and proper.

Dated: August 5, 2008

SALTZMAN & JOHNSON
LAW CORPORATION

By: _____
Shaamini A. Babu
Attorneys for Plaintiffs

-7-
**COMPLAINT**
Case No.

P:\CLIENTS\GLACL\Adolph's Glass\Pleadings\Complaint\Complaint 080408.doc