Muriel B. Kaplan, Esq. (SBN 124607)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ADOLPH'S GLASS COMPANY, INC., a California Corporation,<br><br>Defendant. | Case No.:  C08-3738 CW<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in this action in favor of plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al. ("Plaintiffs") and against Defendant ADOLPH'S CLASS COMPANY, INC., a California Corporation ("Defendant"), as follows:

1.   Defendant is signatory to a valid collective bargaining agreement between District Council No. 16 and Northern California Glass Management – An FCA Affiliate ("Bargaining Agreement.")  Pursuant to the Bargaining Agreement, the Defendant is bound to the trust agreements of the Plaintiffs' plans ("Trust Agreements").  The Bargaining Agreement obligates Defendant to timely pay monthly employee benefit contributions to Plaintiffs on the fifteenth

(15th) of each month. Delinquent contributions incur seven percent (7%) liquidated damages but not to exceed $750.00, and eight percent (8%) interest per annum accrues on the unpaid contributions. Unpaid contributions subject to litigation incur liquidated damages at a rate of twenty percent (20%) in accordance with the Bargaining Agreement and Trust Agreements. The Bargaining Agreement further obligates Defendant to pay all resulting attorneys' fees and costs incurred in the collection of delinquent amounts due.

2.  The parties agree that Defendant remains indebted to the Plaintiffs under the terms of the Bargaining Agreement and Trust Agreements in amounts agreed to as follows:

| Month | Item | Amount | Subtotal |
|---|---|---|---|
| December 2007 | Reported Contributions | ($13,466.01) | |
| | 7% Liquidated Damages | $750.00 | |
| | 8% Interest p/a (to 8/31/08) | $91.50 | $841.50 |
| January 2008 | Reported Contributions | ($9,759.20) | |
| | 7% Liquidated Damages | $683.14 | |
| | 8% Interest p/a (to 8/31/08) | $83.42 | $766.56 |
| February 2008 | Reported Contributions | ($6,922.03) | |
| | 7% Liquidated Damages | $484.54 | |
| | 8% Interest p/a (to 8/31/08) | $48.55 | $533.09 |
| March 2008 | Reported Contributions | ($5,399.68) | |
| | 7% Liquidated Damages | $377.98 | |
| | 8% Interest p/a (to 8/31/08) | $53.26 | $431.24 |
| April 2008 | Reported Contributions | $4,718.48 | |
| | 20% Liquidated Damages | $943.70 | |
| | 8% Interest p/a (to 8/31/08) | $111.69 | $5,773.87 |
| May 2008 | Reported Contributions | $4,472.00 | |
| | 20% Liquidated Damages | $894.40 | |
| | 8% Interest p/a (to 8/31/08) | $75.47 | $5,441.87 |
| June 2008 | Reported Contributions | $2,127.84 | |
| | 20% Liquidated Damages | $425.57 | |
| | 8% Interest p/a (to 8/31/08) | $21.92 | $2,575.33 |
| SUBTOTAL | | | $16,363.46 |
| | Attorneys' Fees (to 8/15/08) | | $3,615.00 |
| | Cost of filing suit | | $350.00 |
| **TOTAL** | | | **$20,328.46** |

3.  In full and final settlement of this matter, Defendant shall *conditionally* pay the amount of **$18,064.79**, representing all above amounts less liquidated damages for the months of

JUDGMENT PURSUANT TO STIPULATION                                                                 2

April 2008 through June 2008 in the amount of $2,263.67, *conditioned upon Plaintiffs approval and timely compliance with all of the terms of this Agreement* as follows:

(a) Starting on September 1, 2008, Defendant shall make an initial payment in the sum of **$2,000.00** to Plaintiffs. Defendant shall continue with monthly payments in the amount of $2000.00 on or before **the 1st of each month, for a total period of twelve (12) months through August 1, 2009.** Defendant shall have the right to increase said monthly payments or pay the entire remaining balance at any time without penalty.

(b) Interest will continue to accrue at the rate of 8% per annum on the unpaid balance specified herein as provided for in the Bargaining Agreement and Trust Agreements.

(c) Each payment shall be applied first to unpaid interest and then to the reduction of the principal balance.

(d) All payments shall be made payable to the "Northern California Glaziers, Architectural Metal and Glass Workers Trust Funds," and delivered to **Shaamini A. Babu, Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA  94104**, or to such other address as may be specified by Plaintiffs.

(e) Prior to Defendant's final payment hereunder, Plaintiffs shall determine whether the conditional waiver of liquidated damages owed by Defendant pursuant to the terms of the Trust Agreements and Trust policies should be granted in whole or in part. For any liquidated damages not waived, Defendant shall continue to make monthly payments as specified herein until this judgment is satisfied in its entirety.

4. Beginning with contributions due for hours worked by Defendant's employees during the month of July 2008, due on August 15, 2008, and for every month thereafter until this Stipulation is satisfied, Defendant will remain current in contributions due to Plaintiffs under the terms of the Bargaining Agreement, by timely submitting monthly reports and paying all

P:\CLIENTS\GLACL\Adolph's Glass\Pleadings\C08-3738\Judgment Pursuant to Stipulation 081808.DOC

contributions due to the Trust Funds, after faxing a copy of the report and check to Shaamini A. Babu, Saltzman & Johnson, at (415) 882-9287.

5. At least ten (10) days prior to the date final payment under this Stipulation becomes due, Plaintiffs will advise Defendant in writing of the amount of such payment. The final payment shall consist of any amounts remaining due under the terms of this Stipulation, any unpaid contributions, liquidated damages, additional accumulated interest, and any additional attorneys' fees and costs incurred. Any failure of Plaintiffs to provide such notice of final payment shall not constitute a waiver by Plaintiffs of any sums due.

6. Failure by Defendant to provide all payments as required by this Stipulation and the Bargaining Agreement shall constitute a default of the obligations under this Stipulation.

7. In the event that any installment payment for the twelve (12) month period is not received from Defendant by the 1st of the month in which it is due, or is submitted by Defendant but fails to clear the bank, or is unable to be negotiated for any reason, Defendant shall be considered to be in default of this Stipulation.

8. In the event Defendant is in default of this Stipulation, Plaintiffs will provide Defendant with written notice of the default, allowing ten (10) days from the date of the notice in which to cure the default. All payments must be made by cashier's check if the default was caused by a failed check. In the event that a default is not timely cured the following shall occur:

(a) The entire balance of **$20,328.46**, reduced by principal payments received by Plaintiffs, shall be immediately due together with additional amounts due under the terms of this Stipulation.

(b) A writ of execution may be obtained by Plaintiffs against Defendant without further notice to Defendant, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs

**JUDGMENT PURSUANT TO STIPULATION**  4

setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.

    (c)    Defendant expressly waives notice of entry of judgment and writ of execution, and expressly waives all rights to stay of execution and appeal.

    (d)    Defendant consents to the authority of a magistrate judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein.

    9.    Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

    10.    In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Stipulation, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. §547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. §547 or otherwise. Defendant nevertheless represent that no bankruptcy filing is anticipated.

    11.    Plaintiffs specifically reserve the right to bring a subsequent action against Defendant for the collection of any additional amounts found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

    12.    Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

    13.    This Stipulation may be executed in any number of counterparts and by facsimile,

**JUDGMENT PURSUANT TO STIPULATION**    5

1 | each of which shall be deemed an original and all of which shall constitute the same instrument.

2 | Dated: August 18, 2008                    ADOLPH'S GLASS COMPANY, INC.

_____/s/_____
Adolph Skyes
President

Dated: August 19, 2008                    SALTZMAN & JOHNSON LAW
                                          CORPORATION

_____/s/_____
Shaamini A. Babu
Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: _____, 2008        _____
                                          UNITED STATES DISTRICT COURT JUDGE